UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES SCHWAB & CO., INC.,** : | |
| : | |
| Plaintiff, : | CIVIL ACTION NO. |
| v. : | |
| : | JUDGE |
| **KELYN SPADONI,** : | |
| : | MAGISTRATE |
| Defendant. : | |
| : | |

# VERIFIED COMPLAINT
## AND REQUEST FOR WRIT OF SEQUESTRATION

Plaintiff, Charles Schwab & Co., Inc. ("Schwab"), hereby files this Verified Complaint against Kelyn Spadoni ("Spadoni" or "Defendant"), seeking a writ of sequestration to preserve the status quo pending arbitration of its claims before a Financial Industry Regulatory Authority ("FINRA") Arbitration Panel, and in support thereof, asserts claims for: (i) breach of contract; and (ii) violation of LSA-C.C. Art. 2299 and other unlawful conduct.

### PRELIMINARY STATEMENT

1. Spadoni is a former Schwab client who refuses to return more than $1.2 million that was inadvertently transferred to her Fidelity Brokerage Services account by Schwab.

2. Due to an issue created by a software enhancement, Schwab mistakenly transferred these funds to Spadoni on February 23, 2021.

3. Immediately after learning of the transfer, Schwab has contacted Fidelity and Spadoni repeatedly to request return of the funds.

4. Fidelity has reported it is unable to return the funds because they are not available.

5. Spadoni has refused to take Schwab's calls, and instead, she has taken steps to prevent Schwab from recovering the funds.

6. Accordingly, Schwab is seeking a writ of sequestration to prevent Spadoni from rendering the arbitration a hollow formality by dissipation of the funds in question before a panel of arbitrators can be assembled to rule on Schwab's claims.

## PARTIES

7. Schwab is a corporation organized and existing under the laws of the State of California, with its principal place of business in San Francisco, California. It is authorized to conduct business in the state of Louisiana. At all material times, Schwab has operated and maintained an office located at 3417 Veterans Memorial Blvd in Metairie, Louisiana 70002.

8. Spadoni is a former Schwab customer and a citizen and resident of the state of Louisiana who resides at 608 5th Avenue, Harvey Louisiana 70058.

## JURISDICTION AND VENUE

9. The Court has jurisdiction over these proceedings pursuant to the provisions of 28 USC § 1332(a)(1) because there is complete diversity of citizenship between the parties to this action and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Venue is proper in this district pursuant to 28 USC § 1391 because Spadoni resides in this judicial district and because a substantial amount of the events or omissions giving rise to this claim occurred in this district.

## FACTS COMMON TO ALL COUNTS

*A Writ of Sequestration is Needed to Prevent the Arbitration*
*From Being Rendered a Hollow Formality*

10. On or about January 20, 2021, Spadoni applied to open an account with Schwab. A true and correct copy of Spadoni's Account Application is attached as **Exhibit A** and incorporated by reference as if fully stated herein. **Exhibit A** has been partially redacted to protect the confidentiality of Spadoni's Social Security Number, Date of Birth, Account Number, Mobile Telephone Number, and e-mail address.

11. When Spadoni applied to open an account with Schwab, she agreed to the terms and conditions set forth in the Schwab One® Account Agreement (the "Account Agreement"). A true and correct copy of the Account Agreement is attached as **Exhibit B** and incorporated by reference as if fully stated herein.

12. The Account Agreement provides that "[a]ny controversy or claim arising out of or relating to (i) this Agreement…; (ii) the Account…; (iii) transactions in the Account…; (iv) or in any way arising from the relationship with Schwab…will be settled by way of arbitration….Such arbitration will be conducted by, and according to the securities arbitration rules and regulations then in effect of, the Financial Industry Regulatory Authority (FINRA)…." Accordingly, Spadoni is obligated to arbitrate the ultimate merits of this matter before FINRA Dispute Resolution.

13. As a FINRA member firm, Schwab is likewise obligated to arbitrate the ultimate merits of its claims asserted herein before a FINRA arbitration panel pursuant to the Account Agreement and FINRA Rule 12200.

14. On or about March 29, 2021, prior to commencing this civil action, Schwab filed a FINRA arbitration against Spadoni based on the claims and facts asserted herein.

15. FINRA will not appoint a panel of arbitrators for at least two months. Pursuant to the FINRA Code of Arbitration Procedure, FINRA will not even begin to appoint an arbitration panel until after Spadoni's answer to Schwab's arbitration Statement of Claim is due. *See* FINRA Rule 12403 (stating that FINRA will send parties a list of potential arbitration within thirty days after the answer is due). Spadoni's answer to Schwab's Statement of Claim is not due until forty-five days after her receipt of the Statement of Claim. *See* FINRA Rule 12303.

16. For the reasons stated herein, Schwab seeks a writ of sequestration from the Court to prevent Spadoni from dissipating the mistakenly transferred funds before the matter can be heard in arbitration.

17. If Spadoni is permitted to dissipate the funds, the arbitration between the parties will be rendered a hollow formality.

18. Schwab seeks a writ of sequestration from the Court to preserve the status quo pending arbitration on the merits because it has no mechanism to do so in arbitration.

*Spadoni's Account Agreement With Schwab*
<u>*Requires Immediate Return of Funds*</u>

19. Spadoni is a former Schwab client.

20. On or about January 20, 2021, Spadoni completed and executed an account application. **Exhibit A**.

21. Pursuant to the account application executed by Spadoni, she agreed to comply with the Account Agreement. *Id.*

22. The Introduction to the Account Agreement states: "This Agreement contains important terms and conditions that apply to your Schwab One® Account. Please read this agreement carefully and retain it for future reference." **Exhibit B** at 5.

23. The Account Agreement states: "If you know or suspect that you have received an overpayment of funds…, you agree to notify Schwab, in writing, as soon as you learn of the overpayment…..You agree that you are required to return the full amount of the overpayment or uncollected fee to Schwab, notwithstanding any oral representations made by any Schwab representative to the contrary.  If you fail to do so, you will become liable to Schwab not only for the amount of the overpayment or uncollected fee, but also for the interest and expenses associated with its recovery." **Exhibit B** at 30-31.

24. The Account Agreement states: "You agree to make payment of any indebtedness related to your Schwab One® Account…." **Exhibit B** at 31.

### *Schwab Inadvertently Transfers More Than $1.2 Million To Spadoni's Account With Fidelity*

25. On or about February 18, 2021, Schwab installed an enhancement to the software it uses for transferring assets to other broker-dealers.

26. This software enhancement inadvertently caused excess cash to be added to a pending transfer request to Spadoni.

27. On or about February 23, 2021, Schwab transferred $1,205,619.56 to an account held by Spadoni at Fidelity Brokerage Services LLC (the "Fidelity Account").

28. Of the $1,205,619.56 transferred to Spadoni, only $82.56 was properly transferred. Stated differently, the overpayment to Spadoni amounted to $1,205,536.84.

### *Schwab Has Tried Repeatedly to Secure the Return of the Mistakenly Transferred Funds*

29. Immediately after realizing the error, Schwab worked expeditiously to cancel and reclaim the errant transfer, but it was unable to stop or reclaim the transfer.

30. On February 24, 2021, Schwab first sought to reclaim the errant transfer by contacting National Financial Services, the affiliate of Fidelity Brokerage Services LLC to whom the transfer was made. Attached as **Exhibit C** is a true and correct screenshot from a Schwab computer system used to track, process and reclaim transfers of assets (the "TOAR System"). **Exhibit C** is incorporated by reference as if fully stated herein, and it has been redacted to protect the confidentiality of Spadoni's Social Security Number, Account Number. **Exhibit C** shows Schwab sought to reclaim a total of $1,205,612.01. It also shows that the reclaim request was rejected.

31. **Exhibit D** is a true and correct copy of a screenshot from the TOAR System stating that Schwab's reclaim request was rejected for the following reason: "CASH NOT AVAILABLE." **Exhibit D** is incorporated by reference as if fully stated herein, and it has been redacted to protect the confidentiality of Spadoni's Account Number.

32. **Exhibit E** is a true and correct copy of a screenshot from the TOAR System showing that on March 3, 2021, Schwab sought once again to reclaim funds from Spadoni's Fidelity Account. **Exhibit E** is incorporated by reference as if fully stated herein, and it has been redacted to protect the confidentiality of Spadoni's Account Number.

33. **Exhibit F** is a true and correct copy of a screenshot from the TOAR System stating that Schwab's second reclaim request was rejected for the following reason: "INSUFFICIENT FUNDS, PLEASE WORK DIRECTLY WITH THE CLIENT TO RESOLVE." **Exhibit F** is incorporated by reference as if fully stated herein, and it has been redacted to protect the confidentiality of Spadoni's Account Number.

34. Consistent with the direction set forth in **Exhibit F**, Schwab has made numerous attempts to contact Spadoni to secure the return of the mistakenly transferred funds. The attempts include efforts to reach Spadoni by telephone, email, and text message.

35. Specifically, Brett Thompson, an Operations Specialist with Schwab's Asset Transfer Services team called Spadoni on March 4, 9, 15, and 19, 2021. Two of the times, Thompson left a message for Spadoni identifying himself and explaining that Schwab had made an error in its transfer to Spadoni, and he left his telephone number and requested a return call. The other two times, Spadoni's answering machine would not allow Thompson to leave a message.

36. Thompson also sent emails to Spadoni on March 9 and 19, 2021. True and correct copies of these emails are attached as **Exhibit G** and incorporated by reference as if fully stated herein. The subject title of each email was "IMPORTANT INFORMATION REGARDING YOUR ACCOUNT". **Exhibit G** (emphasis in original). In each email, Thompson stated that he was reaching out regarding the recent transfer to Spadoni. He also stated that he had tried contacting her via telephone unsuccessfully, provided his telephone number, and requested a return call.

37. Spadoni did not respond to Thompson's attempts to reach her.

38. In his email dated March 19, 2021, Thompson stated: "We are escalating this issue to our legal team to further pursue." *See* **Exhibit G.**

39. On March 24, 2021, Schwab's corporate counsel called Spadoni at her place of employment. Her employer stated that she was present but could not come to the phone. Schwab's corporate counsel left his name and contact information and requested a return call.

40. Schwab's corporate counsel also attempted to reach Spadoni by sending her multiple text messages. A true and correct copy of the text messages is attached as **Exhibit H** and incorporated by reference as if fully stated herein.

41. On Tuesday, March 23, 2021, Schwab's corporate counsel sent Spadoni a text message stating "Kelyn – I'm an attorney for Schwab. We need to discuss the TOA [*i.e.*, transfer of assets] issue ASAP." *See* **Exhibit H.**

42. On the morning of Wednesday, March 24, 2021, Schwab's corporate counsel sent Spadoni a text message stating "If I do not hear from you this morning I will assume you are not going to cooperate. We will take all appropriate legal action to recover these funds." *See* **Exhibit H**.

43. On the afternoon of Wednesday, March 24, 2021, Schwab's counsel received, but missed, a telephone call from area code 504. Believing this call may have been from Spadoni, he sent her a text message stating: "I see you attempted to call today. Please let me know when I can speak with you or your counsel." *See* **Exhibit H**. Spadoni did not respond. In retrospect, the call from area code 504 may have been spam.

44. Spadoni has not responded to any of Thompson's or counsel's attempts to reach her.

45. On March 23, 2021, Schwab attempted once again to reclaim the mistakenly transferred assets by sending a letter to National Financial Services ("NFS"). A true and correct copy of the letter is attached as **Exhibit I** and incorporated by reference as if fully stated herein. **Exhibit I** is redacted to protect the confidentiality of Spadoni's Account Number. The letter explained that Schwab has mistakenly sent a transfer over delivering the actual cash amount in

Spadoni's account. The letter asked NFS to return $1,205,540.06, and it stated that Schwab would indemnify NFS, its officers, employees and agents from any claims arising out of the return of assets to Schwab. *See* **Exhibit I**. The amount set forth in **Exhibit I** is $3.22 higher than the transfer amount of $1,205,536.84 (see ¶ 26, *infra.*) due to accrued margin interest.

46. NFS responded with a letter on March 24, 2021. A true and correct copy of the letter is attached as **Exhibit J** and incorporated by reference as if fully stated herein. **Exhibit J** is redacted to protect the confidentiality of Spadoni's Account Number. NFS stated: "Your claim letter has been rejected for the following reason: Requested cash amount not available." *See* **Exhibit J**. Schwab is continuing to work with Fidelity and NFS to reclaim the mistakenly transferred funds.

47. Spadoni has failed and refused to return to Schwab the assets that were mistakenly transferred to her.

48. Spadoni is not entitled to keep the assets that were mistakenly transferred to her.

49. Spadoni is obligated to return to Schwab the assets that were mistakenly transferred to her.

## COUNT I
## BREACH OF CONTRACT

50. The allegations of Paragraphs 1 through 49 are incorporated herein by reference with the same force and effect as if set forth in full below.

51. The Account Agreement is a valid and enforceable contract that is supported by lawful cause.

52. Schwab has satisfied all conditions precedent.

53. By her conduct, Spadoni has breached the terms of her Account Agreement.

54. By her conduct, Spadoni has made it clear she does not intend to return the mistakenly transferred funds to Schwab.

55. By removing the funds from her Fidelity Account and/or by investing it in other assets, Spadoni intentionally has inhibited Schwab's ability to reclaim the mistakenly transferred funds.

56. As a consequence of the foregoing, unless the Court issues a writ of sequestration, the mistakenly transferred funds will be dissipated before Schwab can seek relief from a panel of properly appointed FINRA arbitrators.

## COUNT II
## VIOLATION OF LSA-C.C. Art. 2299

57. The allegations of Paragraphs 1 through 56 are incorporated herein by reference with the same force and effect as if set forth in full below.

58. LSA-C.C. Art. 2299 states: "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." Spadoni has violated LSA-C.C. Art. 2299.

59. Spadoni has violated LSA-C.C. Art. 2299 by failing and refusing to return the mistakenly transferred funds.

60. By her conduct, Spadoni has made it clear she does not intend to return the mistakenly transferred funds to Schwab.

61. By removing the funds from her Fidelity Account and/or by investing it in other assets, Spadoni intentionally has inhibited Schwab's ability to reclaim the mistakenly transferred funds.

62. As a consequence of the foregoing, unless the Court issues a writ of sequestration, the mistakenly transferred funds will be dissipated before Schwab can seek relief from a panel of properly appointed FINRA arbitrators.

## PRAYER FOR RELIEF

WHEREFORE, by virtue of the foregoing acts and conduct complained of in Counts I and II, Schwab demands judgment in its favor and against defendants as follows:

(1) an Order directing the issuance of a Writ of Sequestration, pursuant to Louisiana Code of Civil Procedure Articles 3571, et seq., commanding the United States Marshal to sequester and take into his/her possession the mistakenly transferred funds (*i.e.*, $1,205,540.08) sought to be reclaimed by Schwab or any assets obtained by Spadoni using the mistakenly transferred funds and that the United States Marshal be authorized to use all lawful means necessary in execution of the Writ of Sequestration; and

(2) an Order directing that the Writ of Sequestration remain in effect until a panel of duly appointed FINRA arbitrators rules otherwise; and

(3) any other or further relief the Court deems just and proper.

Dated: March 30, 2021.

Respectfully submitted,

*/s/ Wm. Brian London*
William Brian London
FISHER & PHILLIPS LLP
201 St. Charles Avenue; Suite 3710
New Orleans, Louisiana 70170
Email: blondon@fisherphillips.com
Tel: (504) 592-3888
Fax: (504) 529-3850

and

        (subject to admission *pro hac vice*)
        Michael R. Greco
        1125 17th Street, Suite 2400
        Denver, Colorado 80202
        Email: mgreco@fisherphillips.com
        Tel: (303) 218-3655
        Fax: (303) 218-3651

        **ATTORNEYS FOR PLAINTIFF,**
        **CHARLES SCHWAB & CO., INC.**

-13-

## VERIFICATION

I, Brett Thompson, verify that I am an Operations Specialist at Charles Schwab & Co, Inc. I am over the age of 18 years old. I hereby confirm and verify that I have read the foregoing Verified Complaint, and I have personal knowledge of the facts set forth in paragraphs 1-6, 8, 10-12, 19-38, and 44-47 of the foregoing Verified Complaint, and they are true and correct to the best of my knowledge and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2021.

_____
Brett Thompson

-14-

## VERIFICATION

I, Garrett Wynne, verify that I am a Managing Director and Corporate Counsel at Charles Schwab & Co, Inc. I am over the age of 18 years old. I hereby confirm and verify that I have read the foregoing Verified Complaint, and I have personal knowledge of the facts set forth in paragraphs 7, 13-15, and 39-44 of the foregoing Verified Complaint, and they are true and correct to the best of my knowledge and belief. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 30, 2021.

_____
Garrett Wynne